IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRK L. ROYBAL,<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:15-cv-474 |
| NATIONAL JUDGMENT RECOVERY<br>CENTER, LP and<br>SOCA FUNDING, LLC,<br>    Defendants | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Kirk L. Roybal, Plaintiff in the above-numbered and styled case, complaining of and against National Judgment Recovery Center, LP and SOCA Funding, LLC, and for cause of action would respectfully state the following:

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff, Kirk L. Roybal, a consumer, alleging that Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) of the FDCPA. Venue in this District is proper in that the Defendants transact business here and/or the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff, Kirk Roybal is an individual residing in 2628 Castle Street, Irving, Texas 75038.

4. Defendant National Judgment Recovery Center, LP (hereinafter "NJRC") is a limited partnership engaged in the business of collecting debts in this state with their principal place of business located at 3346 East T.C. Jester, Suite B-23, Houston, Texas 77018.  The principal purpose of Defendant is the collection of debts using the telephone, mail, and litigation, and the Defendant regularly attempts to collect debts alleged to be due another. Defendant NJRC may be served by serving its registered agent, C T Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

5. Defendant NJRC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant SOCA Funding, LLC (hereinafter "SOCA") is a limited liability company engaged in the business of collecting debts in this state with their principal place of business located at 3346 East T.C. Jester, Suite B-23, Houston, Texas 77018. The principal purpose of Defendant is the collection of debts using the telephone, mail, and litigation, and the Defendant regularly attempts to collect debts alleged to be due another. Defendant SOCA may be served by serving its registered agent, C T Corporation System, 350 N. Saint Paul St., Suite 2900, Dallas, Texas 75201-4234.

7. Defendant SOCA is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. On or about January 2015, Plaintiff Roybal received legal documents pertaining to a writ of execution from the Dallas County Sheriff's Office.  According to the cover letter and the writ of execution, a judgment had been taken against Mr. Roybal in the matter of *CACV of Colorado, LLC v. Kirk L. Roybal*, Cause No. 869118 in the County Court at Law Number 1, Harris County, Texas (hereinafter "CACV matter").

9. Unbeknownst to Roybal, a petition had been filed against him in 2006 in the CACV matter.  The CACV matter sought to confirm two arbitration awards issued by the National Arbitration Forum.[1]  Both arbitration awards were taken against Roybal on purported credit card debts.  The arbitration proceedings resulted in awards in the amount of $9,184.84 and $11,766.69.

10. Roybal contends that he was never served with process in the CACV matter.  With no appearance from Roybal in his defense, CACV moved for default judgment.

11. On or about December 11, 2006, the Court in the CACV matter confirmed the underlying arbitration awards and issued a default judgment against Roybal in the amount of $20,951.53, plus prejudgment interest in the amount of $1,197.75, at a contractual rate of 8.25%, and all costs of court.

12. On or about February 26, 2013, an Affidavit and Assignment of Judgment was filed assigning the judgment in the CACV matter from CACV of Colorado, LLC to Merriman Investments, LLC.

---

[1] In July 2009, the National Arbitration Forum was sued by the Attorney General for the State of Minnesota for egregious and pervasive deceptive trade practices in its handling of thousands of consumer debt disputes.  As a result of that suit, the National Arbitration Forum entered into a Consent Judgment, the purpose of which was, in part, to require the complete divestiture by the National Arbitration Forum of any business related to the arbitration of consumer disputes.

*Plaintiff's Original Complaint*
Page 3

13. On or about January 2, 2015, an execution was issued by the office of Stan Stanart, Harris County Clerk. The execution lists a judgment award in favor of "Merriman Investments, LLC Assignee CACV of Colorado, LLC" in the amount of $22,149.29, attorney fees in the amount of $0.00, court costs in the amount of $203.00, prejudgment interest rates left blank, and post judgment rates at 8.25% until paid.

14. Sometime in January 2015, an investigator with the Dallas County Sheriff's office delivered a copy of the execution document to Roybal. The investigator also provided Roybal with a telephone number to call if he wanted to speak with the judgment collector.

15. On or about January 16, 2015, Plaintiff Roybal called the telephone number provided to him along with the execution documents.

16. Over the course of the next several days, Plaintiff Roybal communicated with Kelsa Smith and Jorge Lopez, employees of both SOCA and NJRC. Defendants represented to Roybal that they were working for CACV of Colorado, LLC, the judgment creditor.

17. The nature of the communication was Plaintiff Roybal's attempt to understand the execution and to understand his options to avoid the execution of his non-exempt property. Specifically, Roybal was concerned about a sheriff's sale of his non-exempt real estate.

18. Defendants informed Roybal that any settlement offer he made would need to be approved by CACV of Colorado, LLC.

19. In an email dated January 28, 2015, Defendants SOCA and NJRC wrote to Roybal alleging that as of January 16, 2015 the balance due on the judgment was

$44,298.56. Specifically, Defendants listed the following breakdown (emphasis in original):

| | |
|---|---|
| PRINCIPLE [*sic*] JUDGMENT AMOUNT: | $20,951.53 |
| PRE-JUDGMENT INTEREST: | $1,197.75 |
| TOTAL: | $22,149.28 |
| POST-JUDGMENT INTEREST: <br> *(8.25% 12/11/2006-01/16/2015)* | $19,952.69 |
| ATTORNEY FEES: | $ NONE LISTED |
| COURT COST: | $262.00 |
| **TOTAL AMOUNT DUE:** | **$44,298.56** |

Your offer has been declined and we are open to review a different offer. As an option we will agree to sixty (60) payments of $738.31, which will be the full balance.

According to Defendants' values, adding the principal, prejudgment interest, post-judgment interest and court costs listed equals $42,363.97, an amount that $1,934.59 less than $44,298.56 sought by Defendants in the total amount due.

20. In response to a new round of settlement negotiations, on or about February 3, 2015, Defendants wrote to Roybal that his "settlement offer has been sent to our Review Committee and looking for a speedy response by Thursday January 12, 2015."

21. Plaintiff Roybal was disappointed and confused by the settlement negotiations with Defendants. Moreover, Plaintiff Roybal became increasingly concerned about the looming execution.

22. With the exception of repeat and identical settlement demands from Defendants, the only other communication from Defendants to Roybal was an email containing an attachment infected by a virus.

23. Defendants never sent Plaintiff anything in writing advising of him of his federal right to dispute the purported debt, to request validation of the purported debt, and to receive a copy of the judgment in the CACV matter.

24. Specifically, Defendants failed to send a notice within five days after their initial communication with Roybal that contains (1) the correct amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if Roybal notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. *See* 15 U.S.C. § 1692g(a).

25. Out of growing concern and anxiety for his assets, Plaintiff Roybal communicated to Defendants that he revokes "all offers made to CACV either verbally or in writing." Mr. Roybal sought the advice of counsel and ultimately hired the

undersigned attorney, Dana Karni, to represent him regarding the judgment and execution in the CACV matter.[2]

26. During the course of the collection calls, Defendants held themselves out as representatives of CACV of Colorado, LLC the original judgment creditor.

**V. CLAIM FOR RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT**

27. Plaintiff incorporates paragraphs 1-26 above.

28. Defendants violated the FDCPA by misrepresenting the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

29. Defendants violated the FDCPA by failing to provide Plaintiff with notices regarding his right to dispute the purported judgment debt and request validation, as well as a copy of the judgment, in violation of 15 U.S.C. § 1692g(a).

30. Defendants violated the FDCPA by misrepresenting their interest in collecting the purported debt in violation of 15 U.S.C. § 1692e(2)(A).

31. As a result of these violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, costs and attorney fees.

**VI.   JURY DEMAND**

32. Plaintiff demands a jury trial.

---

[2] On February 5, 2015, Roybal filed *Kirk L. Roybal v. CACV of Colorado, LLC,* Cause Number 1058565 in the County Court at Law Number 1, Harris County, Texas. The petition seeks to declare the judgment taken in the CACV matter as void.   In addition, Roybal filed a Motion to Dissolve the Writ of Execution filed by Merriman Investments, LLC, assignee of CACV of Colorado, LLC in the CACV matter. On February 19, 2015, the Honorable Harris County Court Judge Debra Ibarra Mayfield entered an order dissolving the writ of execution in the CACV matter.

## VII. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana Karni
KARNI LAW FIRM, P.C.
State Bar No. 24044379
SDTX Bar No. 592484
4635 Southwest Freeway
Suite 645
Houston, Texas 77027
Telephone: 713-552-0008
Facsimile:  713-454-7247
DKarni@TexasConsumerDebt.com
ATTORNEY FOR PLAINTIFF